IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

THOMAS LAMB, Individually and on Behalf )
Of Others Similarly Situated, )
               Plaintiffs, )
)
     v. )   No. 13-4230-CV-C-MJW
)
McClatchy Company d/b/a )
The Kansas City Star, )
)
               Defendant. )

## ORDER

Defendant The McClatchy Company (hereinafter "McClatchy") has filed motions to transfer divisional venue and to dismiss this case for lack of personal jurisdiction and service. Plaintiff Thomas Lamb has filed suggestions in opposition.

### Motion to Transfer Divisional Venue

Upon review, this Court finds that venue is proper in the Central Division of the Western District of Missouri. Plaintiff properly filed his claims under Missouri law in Cole County, Missouri. Mo. Rev. Stat. 508.010.2(4). McClatchy removed these claims to the Federal Court for the Western District of Missouri Central Division. Local Rule 3.1 provides that the Central Division is the proper divisional venue for cases from Cole County, Missouri. Accordingly, divisional venue is proper in the Central Division of the Western District of Missouri. McClatchy's inconvenience argument is not sufficient to disturb plaintiff's choice of forum.[1]

### Motion to Dismiss

McClatchy's motion to dismiss asserts that the Western District of Missouri does not have personal jurisdiction over McClatchy, and that service was not properly made upon it. Plaintiff asserts that jurisdiction is proper because his Fair Credit Reporting Act (hereinafter "FCRA") claims arose from the actions of McClatchy which occurred in the state of Missouri. In response to McClatchy's assertion that there was no proper service of process, plaintiff has

---

[1] For convenience of the parties, proceedings in this case (with exception of trial) can occur via telephone conference whenever practical.

1

submitted a copy of the "Affidavit of Service," indicating that service was accepted by an authorized agent of McClatchy, Carols Vasquez, legal analyst, in Sacramento, California.

## Service

Upon review of plaintiff's filed "Affidavit of Service," [Doc. no. 7, exh. 4] plaintiff is granted leave to file this amended proof of service. While Plaintiff originally failed to properly prove service as asserted by the defendant, Rule 4(l) states that the Court can permit proof of service to be amended. Accordingly, based on plaintiff's December 2, 2013 amended proof of service, defendant's motion to dismiss on grounds that plaintiff has failed to make proper service upon the defendant, is denied.

## Jurisdiction

### A. Background

Plaintiff's complaint alleges violation of the FCRA based on McClatchy's actions of obtaining and using information from his consumer credit report, without proper disclosure, and using such information, without proper notice, to make an adverse employment decision (the Kansas City Star withdrew its offer of employment it had extended to plaintiff). Specifically plaintiff alleges that defendant failed to provide a separate clear and conspicuous disclosure to prospective employees that a consumer report may be obtained for employment purposes as required by 15 U.S.C. § 1681b(b)(2)(A)(i) and (ii). Plaintiff also seeks a certification of a class action on behalf of other similarly situated persons who have been subject to the same FCRA violating practices of McClatchy.

McClatchy's motion to dismiss argues that there is no jurisdiction in this case because the Federal Court for the Western District of Missouri has no personal jurisdiction over it in this case. First, McClatchy asserts that it is not responsible for the actions of which plaintiff complains. McClatchy asserts that its subsidiary Cypress Media, L.L.C. (hereinafter "Cypress"), doing business as (hereinafter "d/b/a") the Kansas City Star, independently owns and operates the Kansas City Star. Based on this fact, McClatchy asserts that it is Cypress that is responsible for the FCRA violations of which plaintiff alleges, not McClatchy. McClatchy further asserts that it is not amenable to suit in Missouri because it conducts no business in Missouri, and is incorporated in the state of California.

In response to defendant's motion plaintiff has provided documents which state that the "McClatchy Company" was the company authorizing Justifacts Credential Verification, Inc.

(hereinafter "Justifacts") to conduct plaintiff's background investigation (including obtaining of plaintiff's consumer credit report), in connection with plaintiff's application for employment with the Kansas City Star. Based on these documents Plaintiff asserts that there is direct relationship between the violations of the FCRA and McClatchy's contact with Missouri. Plaintiff asserts that McClatchy, as the agent authorizing the background investigation, was responsible for the Justifacts form and the actions of Justifacts and Cypress which violated the FCRA. Plaintiff alleges that these actions occurred in the state of Missouri, and therefore, the District Court for the Western District of Missouri should maintain jurisdiction.

### B. Discussion

The issue here is whether the Due Process Clause of the Fourteenth Amendment precludes this Court from exercising jurisdiction over McClatchy. An assertion by this court of jurisdiction over an out-of-state corporation must comply with "traditional notions of fair play and substantial justice." International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945). There are two types of personal jurisdiction, specific and general. General jurisdiction is an all-purpose jurisdiction, and specific jurisdiction is case linked jurisdiction. Goodyear Dunlop Tires Operations, S.A. v. Brown, 131 S.Ct. 2846, 2851 (2011).

> A court may assert general jurisdiction over foreign corporations (sister-state or foreign-country) to hear any and all claims against them when their affiliations with the State are so "continuous and systematic" as to render them essentially at home in the forum State. Specific jurisdiction, on the other hand, depends on an affiliation between the forum and the underlying controversy, principally, activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation. In contrast to general, all-purpose jurisdiction, specific jurisdiction is confined to adjudication of issues deriving from, or connected with, the very controversy that establishes jurisdiction.

Id. (citations omitted). Both specific and personal jurisdiction must be tested, not by the pleadings alone, but by the affidavits and exhibits presented with the motion and in opposition thereto. Dever v. Hentzen Coatings, Inc., 380 F.3d 1070, 1072 (8th Cir. 2004). Once jurisdiction has been controverted or denied, the plaintiff has the burden of proving that the defendant can be subjected to jurisdiction within the forum state. Id. at 1072-73. See also Epps v. Stewart Information Services Corp., 327 F.3d 642, 647 (8th Cir. 2003) (Party seeking to establish the

3

court's in personam jurisdiction carries the burden of proof, and the burden does not shift to the party challenging jurisdiction). In this case, as outlined below, the Court finds no basis to exercise personal jurisdiction over McClatchy. There is neither general nor specific personal jurisdiction over McClatchy in this particular case.

As to specific jurisdiction, the allegations of the plaintiff and his supporting documentation fail to show suit-related conduct connecting McClatchy with the State of Missouri. See Walden v. Fiore, 134 S.Ct. 1115, 1121 (2014) ("For a State to exercise jurisdiction consistent with due process, the defendant's suit-related conduct must create a substantial connection with the forum State."). While Cypress (d/b/a the Kansas City Star), the company to which plaintiff applied for employment, is a subsidiary of McClatchy, the evidence submitted by McClatchy shows the employment practices and procedures of Cypress being challenged by plaintiff, are not dictated or controlled by McClatchy. The affidavit submitted by McClatchy indicates that McClatchy's subsidiaries are autonomous, including Cypress.

Plaintiff's challenge to McClatchy's arguments is based on two documents (one document is titled "Notification and Authorization to Conduct Employment Background Investigation," and the other document, not having a specific title, is the corresponding Justifacts form providing the requested background information), both written by third-party Justifacts. [Doc. 7, exhs. 1-3]. These documents are not persuasive because they are documents/forms of Justifacts, a third party vendor who conducted pre-employment background investigations for persons applying at the Kansas City Star, and are not documents/forms of McClatchy or even McClatchy's subsidiary Cypress d/b/a the Kansas City Star. A third-party's notation on their own forms, that "McClatchy Company" was the agent requesting the employment background investigation does not establish a prima facie personal jurisdiction over McClatchy, in the face of evidence from McClatchy showing that this third-party notation to be incorrect and unauthorized.

McClatchy's evidence is submitted to the Court in the form of an affidavit from McClatchy's Director of Human Resources. The Affidavit explicitly affirms that McClatchy has no relationship with Justifacts and does not pay or authorize Justifacts to conduct background checks. The affidavit goes on to state that no McClatchy employee authorized Justifacts to list "McClatchy Company" on the forms associated with plaintiff's background check at issue in this

case.[2] Plaintiff has come forward with no evidence to support that Justifacts did business with McClatchy.

Additionally, McClatchy points out that the notations by Justifacts on its background investigation forms appear to be incorrect generally. For instance, McClatchy points to the background investigation report returned by Justifacts to the Kansas City Star which was directed to "McClatchy Company, Carol Ruff, 1729 Grand, Kansas City, MO 64108." [Doc. 7. Exh. 3]. McClatchy's evidence shows that Carol Ruff was not an employee of McClatchy but was an employee of Cypress working at the Kansas City Star. Moreover, the affidavit of McClatchy's Human Resource Director states that no Cypress employees working at the Kansas City Star are authorized to act on behalf of McClatchy. Based on this evidence, it is not possible for Carol Ruff, a Cypress employee, to request a background investigation of plaintiff on behalf of McClatchy.

Based on the foregoing, and plaintiff's lack of evidence linking McClatchy to his claims, this court finds that plaintiff's allegations and supporting evidence are insufficient to support the minimum suit-related conduct necessary to establish a prima facie case supporting the exercise of specific personal jurisdiction over McClatchy. See Epps v. Stewart Information Services Corp., 327 F.3d 642, 646-47 (To defeat a motion to dismiss for lack of personal jurisdiction, the nonmoving party must make a prima facie showing of jurisdiction); Walden v. Fiore, 134 S.Ct. at 1115.

As to general personal jurisdiction, there are no allegations or documentation supporting that McClatchy has sufficient minimum contacts in Missouri for this Court to exercise general jurisdiction. Plaintiff has not countered the claims of McClatchy that it and Cypress are functionally and financially autonomous. Cypress' merely being a subsidiary of McClatchy is insufficient. The activities of a subsidiary only subject the parent to Missouri jurisdiction when the subsidiary is the parent's functional alter ego. Epps v. Stewart Information Servs. Corp., 327 F.3d 642, 649 (8th Cir. 2003). Here, plaintiff has not provided such prima facie evidence. Plaintiff has not countered McClatchy's evidence that it is a Delaware corporation with its principal place of business in Sacramento, does not conduct business in Missouri, and its

---

[2] Justifacts did not use the proper name of the entity it attempted to name. The company's correct name is "The McClatchy Company." See Doc. 5, exh. 1 (Cert. of Good Standing). This also shows that Justifacts prepared the form and not "The McClatchy Company."

subsidiary Cypress who does business as the Kansas City Star is autonomous from McClatchy.

### C. Conclusion

Due process would be violated if Defendant were to be haled into Court in the state of Missouri in this case. McClatchy does not have sufficient minimum contacts with the state of Missouri. See International Shoe Co. v. Washington, 326 U.S. at 310. The actions Lamb alleges in this case were those taken by Cypress employees working at the Kansas City Star. Accordingly, this Court finds McClatchy's motion to dismiss for lack of personal jurisdiction should be granted.[3]

However, upon consideration of plaintiff's alternative request to cure deficiencies in his complaint, this court will hold in abeyance its ruling. Plaintiff will be granted thirty days in which to file a proposed amended complaint. This should be filed in the form of a motion to file amended complaint, with the proposed amended complaint attached for the Court's review.[4] If plaintiff does not submit a proposed amended complaint within thirty days, or if his motion to file the proposed amended complaint is denied, an order of dismissal granting the motion to dismiss of McClatchy will be entered.

IT IS, THEREFORE, ORDERED that plaintiff is granted thirty days to file a motion for leave to file an amended complaint. It is further

ORDERED that if no such filing is made within thirty days, or if the motion to amend is denied, an order of dismissal granting the motion to dismiss of McClatchy will be entered. It is further

ORDERED that McClatchy's motion to transfer divisional venue is denied. [3]

Dated this 5th day of May, 2014, at Jefferson City, Missouri.

/s/ *Matt J. Whitworth*
MATT J. WHITWORTH
United States Magistrate Judge

---

[3] Plaintiff's argument that defendant waived this defense when filing the motion to transfer divisional venue is without merit. The motion for divisional venue transfer was not a Fed. R. Civ. P. 12(b) motion and therefore did not result in waiver of defendant's lack of personal jurisdiction defense.

[4] If a motion to amend is filed by plaintiff, McClatchy will have thirty days to file a response, and plaintiff may thereafter, within fourteen days, file a reply.